IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRANCH AVENUE AUTO AUCTION, LLC,
et al.                                        :

v.                                            :   Civil Action No. DKC 25-387

MARYLAND VEHICLE ADMINISTRATION-
GLEN BURNIE                                   :

**MEMORANDUM OPINION**

Plaintiffs Branch Avenue Auto Auction, LLC, Branch Avenue Sales, Inc., and Jason Hairston filed a motion for temporary restraining order/preliminary injunction in the above-captioned action on April 30, 2025. (ECF No. 11). Plaintiffs seek a court order barring Defendant Maryland Vehicle Administration – Glen Burnie "from accessing Plaintiffs' home or business establishments during the pendency of this litigation." (ECF No. 11, at 5). Given the paucity of support for the relief requested, it is not necessary to await a response from Defendant and Plaintiffs' motion will be denied.

## I.   Background

Plaintiffs filed their complaint in the Circuit Court for Prince George's County on December 29, 2024, alleging various state and federal law claims (ECF No. 1-1, at 4). Defendant removed the

case to this court on February 7, 2025 (ECF No. 1, at 2), and moved

to dismiss the complaint on February 14, 2025 (ECF No. 7).[1]

## II.  Analysis

"While a preliminary injunction preserves the status quo

pending a final trial on the merits, a temporary restraining order

is intended to preserve the status quo only until a preliminary

injunction hearing can be held."  *Hoechst Diafoil Co. v. Nan Ya*

*Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999).  Generally, the

standards on both motions are the same.  *See, e.g., Montgomery v.*

*Hous. Auth. of Balt. City*, No. 10-1931-WDQ, 2010 WL 2998653, at *2

(D.Md. July 23, 2010); *Ficker v. Tuouhy*, 305 F.Supp.2d 569, 571

(D.Md. 2004).  To obtain either form of relief, plaintiffs must

establish: "(1) that [they are] likely to succeed on the merits,

(2) that [they are] likely to suffer irreparable harm in the

absence of preliminary relief, (3) that the balance of equities

tips in [their] favor, and (4) that an injunction is in the public

interest."  *Real Truth About Obama, Inc. v. Fed. Election Comm'n*,

575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds by* 559

U.S. 1089 (2010) (quoting *Winter v. Nat. Res. Def. Council, Inc.*,

555 U.S. 7, 20 (2008)).  Plaintiffs bear the burden of "clearly

showing" all four factors.  *Id.*

Plaintiffs have not made a "clear showing" of any of the four

required elements.  First, Plaintiffs broadly contend "they are

---

[1] The pending motion to dismiss has been fully briefed and
will be resolved in due course.

likely to succeed on the merits of their claims," (ECF No. 11, at 3), but offer no evidence to support their conclusion. Indeed, the pending motion to dismiss raises significant questions about the viability of any claim. Second, Plaintiffs explain the standard for irreparable harm, but their motion is entirely devoid of any discussion of how Plaintiffs themselves will suffer irreparable harm absent injunctive relief. Finally, Plaintiffs generally assert "[t]he balance of equities and public interest favor the issuance of a preliminary injunction," (ECF No. 11, at 4) but again, Plaintiffs fail to provide any evidence to support their assertion. Based on Plaintiffs' motion and a review of the pending motion to dismiss, the court cannot conclude that the Plaintiffs have made or can make the showing necessary to justify the extraordinary relief requested. Accordingly, Plaintiffs' motion will be denied.[2]

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion for temporary restraining order/preliminary injunction will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[2] Because Plaintiffs cannot make the necessary showing for the relief requested, there is no need to discuss Plaintiffs' request for a waiver of bond or a nominal bond pursuant to Fed.R.Civ.P. 65(c).